[No. 5,531.]

## FORBES ET AL. v. McDONALD ET AL.

CONTRACT — ILLEGAL CONSIDERATION — CORPORATION — TRUSTEE. — An agreement of a trustee of a corporation for a pecuniary recompense to resign his trust, is *contra bonos mores*; and a contract based, wholly or partly, on such an agreement as a consideration, is void.

APPEAL from an order granting defendants a new trial, in the Fourth District Court, City and County of San Francisco. MORRISON, J.

The facts of the case are stated in the opinion.

*Henry E. Highton*, for Appellants.

The testimony showed that Forbes' resignation formed no part of the consideration ; or at any rate, there was such a preponderance of evidence to that effect, that the verdict should not have been disturbed.

Any arrangement that Forbes may have made to resign his trust was for the benefit of the corporation, and therefore was not against public policy, or *contra bonos mores*. (1 Story on Cont. 4th ed. §§ 569–588; *Swan* v. *Chorpenning*, 20 Cal. 184–186 ; *Spencer* v. *Harvey*, 22 Id. 340–343 ; *Martin* v. *Wade*, 37 Id. 174–176 ; *Miles* v. *Thorne*, 38 Id. 335–340 ; *Edwards* v. *Estell*, 48 Id. 195–197 ; *Richardson* v. *Mellish*, 2 Bing. 241–243.)

*Delos Lake*, for Respondents.

The consideration of the note was the agreement of Forbes to resign. Such an agreement is against public policy, and renders the note void. (*Bliss* v. *Matteson*, 45 N. Y. 22 ; S. C. 52 Barb. 335; *Devlin* v. *Brady*, 36 N. Y. 531 ; S. C. 32 Barb. 518 ; *Davison* v. *Seymour*, 1 Bosw. 88 ; *Meacham* v. *Dow*, 32 Vt. 721 ; *Ferris* v. *Adams*, 23 Id. 136 ; *Fuller* v. *Dame*, 18 Pick. 472; *Gray* v. *Hook*, 4 Comst. 442 ; *Satterlee* v. *Jones*, 3 Duer, 103 ; *Marshall* v. *Ohio R. R. Co.* 16 How. 314; 1 Red-

field on Railways, 5th ed. § 140, and notes; Story on Bills, § 186.

This Court will not interfere with the reasonable discretion of the Court below in granting or refusing a new trial.

Department No. 2, MYRICK, J.:

Peter Owens was indebted to A. Forbes by reason of transactions in the stock of the Mahogany Gold and Silver Mining Company, in the sum of $2,102.50, for which Forbes held 150 shares of the stock as collateral, then worth about $4,200. Forbes was a trustee of the company. The management of the company was not harmonious, two trustees having views opposed to the other two, Forbes being the fifth. The defendants, McDonald and T. J. Owens, who were dealing in stock of the corporation, desired to have Forbes resign as trustee, that they might have some friend put in his place; and Forbes wanted payment of his indebtedness from Peter Owens secured. So, it was agreed that the defendants, McDonald and T. J. Owens, should give their promissory note for the amount of Peter Owens' indebtedness, payable at six months, interest at 1¼ per cent. per month, and Forbes should resign and aid them in electing a successor. The note was made payable to the plaintiffs, in which firm A. Forbes was a partner.

The note not having been paid, the plaintiffs brought suit; the defense of want of and illegality of consideration was interposed, and the case was heard by a jury. The Court below instructed the jury, in substance, among other things, that, if any part of the consideration for the giving of the note was the resignation by Forbes of his office as trustee of the corporation, that the consideration was illegal, and the whole note was void, and plaintiffs could not recover: Notwithstanding this instruction, the jury rendered a verdict for the plaintiffs for the full amount of the note and interest. On motion of the defendants the Court below granted a new trial, and from this order this appeal is prosecuted.

It is not necessary to cite authorities to show that a contract is void if a portion only of the consideration is illegal. It does

not appear to us to be at all doubtful, that if the whole or a part of a consideration be that a trustee resign his trust, the consideration is illegal. It is *contra bonos mores*. Trustees of corporations owe duties to others besides themselves; they have been placed in a position of trust by the stockholders, and to those stockholders they must be faithful. It is a violation of that trust for them to be bought out of office. They may resign when they please, but they must not make profit or benefit to themselves in the matter of such resignation.

The instructions of the Court below were correct; the verdict of the jury was contrary to the instructions, and the Court did not err in granting a new trial.

The order granting a new trial is affirmed.

THORNTON, P. J., concurred.

SHARPSTEIN, J., concurring:

This is an action upon a promissory note. The defendants in their answer set up two defenses. First, that there was no consideration for the making of the note; and second, that the consideration was illegal. The evidence upon these issues was conflicting, and the jury returned a verdict in favor of the plaintiffs. The defendants moved for a new trial on the ground that the evidence was insufficient to justify the verdict. The motion was granted, and from that order the plaintiffs appealed.

It is settled by a long series of decisions that this Court will not disturb an order granting a new trial, on the ground of insufficiency of evidence to justify the verdict, where the evidence upon a material issue is conflicting.

I concur in the affirmance of the order granting a new trial.