THE PHŒNIX BRIDGE COMPANY, Appellant, *v.* THE KEYSTONE BRIDGE COMPANY et al., Respondents.

Plaintiff's complaint alleged in substance the formation of an association by plaintiff and the defendants, manufacturers engaged in the same business, under an agreement which provided that the members were to pay into a common fund a certain sum per pound on all their manufactures, to form a guaranty fund and for other purposes; the share of each party in said fund to be forfeited in case of his expulsion, as provided for; that plaintiff had performed the agreement on his part, but that the association had, in violation of the agreement and without giving him a hearing, found him in default in making payments to said fund, and threatened to expel him. The relief sought was that defendants be restrained from interfering with plaintiff's rights in the association, and from forfeiting its interests in the guaranty fund, etc. The answer denied the alleged unlawful actions on the part of the association, and the evidence was upon the issues so made. Both parties conceded on the trial that the agreement was illegal, because it was a combination to enhance prices, but it did not appear that plaintiff at any time during the trial repudiated or disaffirmed it or claimed to recover back the money paid because of its illegality. *Held,* that the refusal of the trial court to grant plaintiff any relief so far as this action was concerned, because it was proceeding in affirmance, and not in repudiation of the contract, was proper.

(Argued April 25, 1894; decided June 5, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made March 17, 1893, which affirmed a judgment in favor of defendants entered upon an order dismissing the complaint on trial at Special Term.

This action was brought by the plaintiff against certain individuals and corporations with whom it had formed an association, called the American Bridge Manufacturers' Association, for the purpose of having a resolution of the association assessing the plaintiff the sum of $33,202.78, adjudged unlawful and void, and for the further purpose of having the court determine what amount, if any, was due as between the plaintiff and the association, and to restrain the expulsion of plaintiff from the association, or the enforcement against it of the penalties in the association agreement contained.

The provisions of said agreement and the facts, so far as material, are stated in the opinion.

*Delos McCurdy* for appellant.  The plaintiff's action is in disaffirmance of the illegal agreement under which defendants claim the right to retain and convert to their own use money concededly belonging to plaintiff.  The illegal agreement is a continuing one and executory in character.  To allow the defendants to retain this money upon the sole ground that the plaintiff was a party to the illegal agreement under which defendants claim the right to retain it, would be an absurd violation of the spirit and policy of the law.  (2 Comyn on Cont. 109, 110; *Sykes* v. *Beadon*, L. R. [11 Ch. D.] 170–197; *Williams* v. *Bayley*, L. R. [1 H..L.] 200; *Ex parte Pyke*, L. R. [8 Ch. D.] 754; *Davies* v. *L., etc., Ins. Co.*, Id. 469–477; *U. Ins. Co.* v. *Kip*, 8 Cow. 20–24; *Vischer* v. *Yates*, 11 Johns. 29, 30; *Yates* v. *Foote*, 12 id. 13; *Morgan* v. *Groff*, 4 Barb. 524; *Merritt* v. *Millard*, 4 Keyes, 208; *Armstrong* v. *Toler*, 11 Wheat. 258; *McBlair* v. *Gibbes*, 17 How. [U. S.] 232–236; *Thomas* v. *City of Richmond*, 12 Wall. 349; *S. Co.* v. *Knowlton*, 103 U. S. 49–61; *Block* v. *Darling*, 140 id. 234–239; *W. U. Tel. Co.* v. *U. P. R. Co.*, 1 McCrary, 562, 563; *Brooks* v. *Martin*, 2 Wall. 70; *P. Bank* v. *U. Bank*, 16 id. ——.)  The learned trial judge erred in holding that because plaintiff was a party to the illegal agreement the door of a court of equity was closed against plaintiff, and that it had no right to enter there.

(2 Pom. Eq. Juris. §§ 940, 941, 942; 1 Story's Eq. Juris. §§ 298, 300, 301, 304.) Even if the illegal transaction had been consummated and the proceeds in the hands of defendants, courts will not refuse to deal with the funds as between the parties, on the ground that the fund was acquired under an illegal agreement. (*W. U. Tel. Co.* v. *U. P. R. Co.*, 1 McCrary, 560, 563; *Brooks* v. *Martin*, 2 Wall. 70; *McBlair* v. *Gibbes*, 17 How. [U. S.] 232–236; *Armstrong* v. *Toler*, 11 Wheat. 258; *Sharp* v. *Taylor*, 2 Phillips' Ch. 801; *Tenant* v. *Elliott*, 1 Bos. & Pull. 3; *Farmer* v. *Russell*, Id. 296; *Lestapies* v. *Ingraham*, 5 Penn. St. 71.)

*John E. Parsons* for respondent. The agreement having been held, at the request of the plaintiff, to be against public policy, its purpose having been to prevent competition and to increase prices beyond market rates, equity will not interfere to adjust controversies between the parties. (*Gray* v. *O. B. Co.*, 59 Hun, 387; *Leonard* v. *Poole*, 114 N. Y. 371; *Materne* v. *Horwitz*, 101 id. 469; *Haynes* v. *Rudd*, 85 id. 251; *Arnot* v. *P. C. Co.*, 68 id. 558; *Knowlton* v. *C. & E. S. Co.*, 57 id. 518; *S. Co.* v. *Knowlton*, 103 U. S. 49, 58; *Parkersburg* v. *Brown*, 106 id. 487, 503; *Thomas* v. *City of Richmond*, 12 Wall. 349, 356; *Woodsworth* v. *Bennett*, 43 N. Y. 273.) It is only where the public interest will be promoted that equity interferes. Even then it stops where the public interest ceases. It declines to go one step in the interest of individual wrongdoers. (Story's Eq. Juris. § 298; *St. John* v. *St. John*, 11 Ves. 534, 1805; *Hatch* v. *Hatch*, 9 id. 297, 1804; *Madison* v. *Sharp*, 4 Cald. [Tenn.] 275, 1867; *Breathwit* v. *Rogers*, 32 Ark. 758, 1878; *Cox* v. *Donelly*, 34 id. 762, 1879; *Leonard* v. *Poole*, 114 N. Y. 371; *Materns* v. *Horwitz*, 101 id. 469; *Arnot* v. *P. C. Co.*, 68 id. 558; *Knowlton* v. *C. E. S. Co.*, 57 id. 518; *Thomas* v. *City of Richmond*, 12 Wall. 349; *Woolworth* v. *Bennett*, 43 N. Y. 273.)

PECKHAM, J. The parties to this action, excepting the individual defendant Eckert, entered into an agreement between

themselves by which they formed what they termed the " American Bridge Manufacturers Association," which had for its object the promotion of harmony among the bridge manufacturers of America and the carrying out of the provisions of the agreement then entered into. The agreement provided that each of the parties should pay monthly into a common fund a certain amount per pound on all iron work made and sold by them respectively during the previous calendar month, with exceptions therein particularly stated. The payments made by the parties were to form a guarantee fund until its total amount should be $260,000. First payments were made in cash by the parties in proportions specified in the agreement, the proportion of the plaintiff being 16 per cent of a total of $52,000. After the guarantee fund had reached the above-named amount the surplus assets were to be distributed among the members each month after deducting expenses and in proportions to be arrived at in a manner pointed out in the agreement.

Provision was made for referring disputes and other questions arising from carrying out the agreement, to a commissioner, who was to be appointed in a stated manner and who was to have power to hear and decide such matters as were under the agreement referred to him, with the power to any party to appeal to the executive committee and then to the association as a body and obtain from it a decision which would be final and binding.

Provision was also made in the agreement for the voluntary withdrawal of any party from the association upon notice, and if notice of such intended withdrawal were received and the consent of a majority of the members of the association obtained, the withdrawal became absolute at a stated time thereafter. Upon such withdrawal the party withdrawing took his proportion of the guarantee fund, the amount of such proportion being arrived at in a certain manner specified. If a party were to withdraw without the proper consent, then he forfeited one-fifth of his share in the guarantee fund, while if he were expelled under certain conditions the party would

forfeit all his right to the guarantee fund. The individual defendant Eckert was made the commissioner as provided for in the agreement. The association was formed in April, 1887, and under the provisions of the agreement the parties to it paid their monthly dues for some time.

Disputes subsequently arose between them, and to such an extent were their differences carried that the plaintiff commenced this action in January, 1890.

The complaint alleges the execution of the agreement between the parties and states that the plaintiff has ever since such time fully performed and kept all the covenants and provisions thereof. It is then alleged that the plaintiff had a contract for manufacturing certain iron work and setting it up for the elevated railroad in Brooklyn, and that by the true meaning and construction of the agreement the plaintiff was exempt from the payment to the association of any percentage on the amount of the iron manufactured and sold under that contract with the railroad. In substance it was shown by the further allegations of the complaint that this claim was not allowed by the association and that the commissioner and the association itself had improperly and in violation of the provisions of the agreement undertaken to determine that the plaintiff owed the association an amount of percentage on this iron in question of over $30,000. That in arriving at this determination the association had failed and refused to give plaintiff an opportunity to be heard, and that the proceedings of the defendants in refusing the plaintiff's claim for exemption were had in pursuance of an unlawful undertaking between them by which they were to compel plaintiff to pay these dues, although they were not properly chargeable to plaintiff under the terms of the agreement, and that in the event of the plaintiff's refusal to pay the same it should be expelled and its share in the guarantee fund forfeited. The plaintiff desired to have the question of its liability to pay the dues to the association, determined by some properly constituted tribunal after a full and proper hearing had been afforded the plaintiff.

The amount of the guarantee fund was at the commencement of the action about $250,000, and plaintiff's interest therein about $40,000.   Unless the dues declared to be payable to the association were paid within ten days from the time of notice so to do, the defendants threatened to expel the plaintiff from the association without legal cause and to declare all its rights in the guarantee fund forfeited and to divide up such fund among themselves as members of such association. The plaintiff had given notice of withdrawal from the association in accordance with the provisions of the agreement, but the membership would not terminate under its provisions until a year from the notice of withdrawal, which period had not elapsed at the time of the commencement of this action. There were some other allegations in the complaint which upon the question discussed it is not important to notice.   The plaintiff asked in its prayer for relief that the resolutions and determinations of the association upon the assessment of the dues payable to it from the plaintiff should be decreed to be unlawful, and that the court should determine what if any amount was due the association from the plaintiff, and what amount from the association to the plaintiff, and that defendants should be enjoined from enforcing any penalties against plaintiff and from interfering with its rights in the association and from forfeiting its rights in the guarantee fund and from distributing the same.   The complaint also prayed for a temporary injunction restraining defendants as above mentioned. The answers of the various defendants, while admitting the execution of the agreement and the formation of the association under it, and the payment of the monthly dues and the existence and extent of the guarantee fund, denied that there had been any improper act on the part of the defendants or the association in regard to the plaintiff, and alleged that it had been regularly and fully heard in regard to its claim for exemption, and a proper and regular decision had been rendered by the commissioner and the association, and that it was in accordance with the provisions of the agreement.   They also denied any unlawful or improper agreement in regard to

expelling the plaintiff or the forfeiting or division of the fund in question.

Upon these pleadings the parties went to trial. Certainly, up to the time of the trial, there is nothing appearing upon the record which shows any attempt at a disaffirmance or repudiation of the agreement under which the association was formed. I fail to find any proof that the plaintiff repudiated or disaffirmed the agreement at any time during the trial. No part of the evidence is returned on this appeal, and we can only form a surmise as to its character by looking at the various requests to find facts made by the different parties and their proposed conclusions of law therefrom. The inference from reading these requests is that on the trial evidence was given upon the issues made by the pleadings, and upon such evidence the plaintiff asked findings which showed that it had not had an opportunity to be heard before the commissioner as provided for in the agreement, and that the association had not given plaintiff any such opportunity, and had made no valid decision upon the matters in dispute between plaintiff and such association. The mere fact that plaintiff and defendants both conceded on the trial that the agreement was illegal, because it was a combination to enhance prices, is very far from showing, or even tending to show, that the plaintiff disaffirmed its provisions as between itself and the other parties thereto, or that it based its claim to relief because of the illegality of the agreement, and not because of the defendants' violation of its provisions by reason of which the rights of the plaintiff were jeopardized.

The conceded illegality of the contract is entirely consistent with the claim made by the plaintiff that the defendants had been guilty of a violation of the provisions thereof in the particulars alleged in the complaint. Whether in such a case courts would grant relief is another question. What I assert is that the plaintiff does not show a disaffirmance of this agreement and a demand to recover back its money on that ground when it serves such a complaint as the one in this action and then on the trial simply concedes that the agreement is illegal

as being a combination to enhance prices. Notwithstanding such concession it is plain that evidence was given on the subject set forth in the complaint and in regard to the actions of the defendants in refusing a proper hearing and in making an alleged improper decision, and it is plain that a judgment was sought for the relief demanded in the complaint, upon the ground that plaintiff had proved a violation by the defendants of the provisions regarding hearings as alleged by plaintiff in its complaint. In truth it is difficult if not impossible to reach any other opinion from a perusal of the record.

The refusal of the trial court to grant plaintiff any relief because, so far as this action is concerned, it was proceeding in affirmance and not in repudiation of the agreement was, therefore, correct.

There was a proposed conclusion of law on the part of the plaintiff which asserted that the agreement was void and that as such it could furnish no legal ground to justify a forfeiture of plaintiff's rights or property to the use or for the benefit of the other members of the association formed by the agreement. This proposition does not show the plaintiff as disaffirming the agreement. It only shows that among various claims the plaintiff denied the defendants' right to forfeit the plaintiff's property and that it based such denial on the ground that the agreement was illegal. The other findings requested by plaintiff show conclusively that its ground for relief was the alleged violation of the agreement by the defendants.

The ground stated in the complaint is totally at war with the one now argued by the plaintiff's counsel, and we cannot see that the latter ground was even taken on the trial. In affirming this judgment we do not intend to pass upon the question of the alleged right of plaintiff to disaffirm and repudiate the obligations of this so-called executory or continuous agreement, and in a proper action to recover back the moneys it has paid in under it. That question can better be determined after it shall have been presented in an action commenced upon that view of the law, and when all parties will come prepared to try that single question on proper pleadings and in an

appropriate manner.  We can only say that in this record it appears that the plaintiff did not proceed upon any principle of a disaffirmance of the agreement, and the relief sought was not appropriate to that theory of its cause of action.

The judgment should be affirmed, with costs, but to avoid any plea of *res adjudicata* by reason of this judgment, it should be affirmed without prejudice to the commencement of an action by plaintiff, if it be so advised, to recover back moneys it has paid to the association, on the ground that the agreement forming it was illegal.

All concur.

Judgment accordingly.