GLASS ET AL., APPELLANTS, *v.* BASIN & BAY STATE MINING COMPANY, RESPONDENT.

(No. 1,904.)

(Submitted May 27, 1904.  Decided June 27, 1904.)

*Pleading — Complaint — Claim and Delivery — Conversion— Contract—Breach—Actions.*

1. Plaintiffs alleged that, being owners of certain capital stock in defendant company, they deposited it with the company, to be sold by defendant, and the proceeds used in paying its debts, in consideration of an agreement that plaintiffs should hold the offices of vice president, trustee and general manager and treasurer of the defendant until its business should be in successful operation ; that defendant violated its agreement, and ejected plaintiffs from said offices, and had sold and issued the stock to others, and refused and failed to deliver it to the plaintiffs, or to pay plaintiffs the value thereof, though requested to do so. The prayer was for recovery of the possession of the stock, or its value in case delivery could not be had. *Held,* that the complaint did not state a cause of action in claim and delivery, as the statement that defendant had disposed of the stock showed that, at the commencement of the action, defendant did not wrongfully retain possession of the property from plaintiffs.
2. The complaint did not state a cause of action in conversion, as it did not show a general or special ownership in the property and a right to immediate possession at the time of the wrongful taking by defendant.

3.  Plaintiffs could not recover as on a contract, as the alleged contract was illegal, under Civil Code, Section 431, requiring directors of the corporation to be elected annually by the stockholders or members, and Section 2240, declaring that unlawful which is contrary to an express provision of the law.

4.  Plaintiffs could not recover as on a disaffirmance of an illegal contract, as the complaint showed performance on their part, and reliance on the contract.

*Appeal from District Court, Jefferson County; M. H. Parker, Judge.*

ACTION by James Glass and another against the Basin & Bay State Mining Company. Judgment for defendant, and plaintiffs appeal. Affirmed.

*Mr. T. J. Walsh,* for Appellants.

The respondent having sold the stock, the appellants can have no judgment for its return, but they are clearly entitled to a judgment against the respondent for its value. It is conceded that the promise on the part of the respondent that the appellants should have the offices they then held is void. It had no power to make any such promise. Accordingly, it received and appropriated appellants' stock without consideration and must pay the value of it. An implied promise is raised by the law as against it that it will so pay the appellants. From briefs on file it is gathered that the contention was made by the respondent that because the contract was illegal, the property turned over to the defendant pursuant to it could not be recovered. But this position clearly cannot be maintained. There was nothing immoral in the contract—it was simply beyond the power of the corporation to make it. But if it were immoral, the action is not brought to enforce, but in repudiation of the contract. That money paid upon an illegal consideration, or upon a promise to do a thing forbidden by the law, may be recovered, is familiar law. (*Bateman* v. *Robinson,* 11 N. W. 736; *Simmons* v. *Yuran,* 9 N. W. 690; *Foulker* v. *San Diego,* 51 Cal. 365; *Farmers' L. & T. Co.* v. *St. Joseph,* 2 Fed. 117;

*Tracy* v. *Talmage,* 14 N. Y. 162, 180, 181, 216 ; *Pratt* v. *Shot,* 79 N. Y. 437-445 ; Morawetz on Private Corp., Sec. 721 ; *Congress* v. *Knowlton,* 103 U. S. 49 ; *Logan County* v. *Townsend,* 139 U. S. 67 ; *Pullman* v. *Central Transp. Co.,* 65 Fed. 158 ; *Pimental* v. *City of San Francisco,* 21 Cal. 352-361 ; *Nugent* v. *Teachout,* 35 N. W. 254 ; *Miller* v. *Tracy,* 56 N. W. 866.)

A recovery can be had of money or property delivered pursuant to a contract void for want of power to execute it, or because it contravenes public policy, unless it involves moral turpitude on the part of the parties while it remains wholly or in part unexecuted. (5 Thompson on Corporations, 6004 ; *Pullman Co.* v. *C. T. Co.,* 65 Fed. 158, 171 U. S. 151 ; *Ileironimus* v. *Sweeney,* 33 L. R. A. 99 ; *Block* v. *Darling,* 140 U. S. 234 ; *McCutcheon* v. *Merz,* 71 Fed. 787 ; *Douglas* v. *Kavanaugh,* 90 Fed. 373 ; *Bernard* v. *Taylor,* 18 L. R. A. 859 ; *Barcus* v. *Gates,* 89 Fed. 783-790 ; *Beasley* v. *Texas,* 115 Fed. 952 ; *Manchester* v. *Lawrence,* 9 L. R. A. 689.)

A contract is not necessarily immoral because it is contrary to public policy. (*Wortman* v. *Mont. Cent. Ry. Co.,* 22 Mont. 266 ; *Tate* v. *Com. B. A.,* 45 L. R. A. 243.) Though the contract considered by the court in *Congress* v. *Knowlton,* 103 U. S. 49, was held to be illegal, the court said there was nothing immoral about it.

In support of the argument made in the brief of respondent, it is said that the law is that a party who enters into a wagering contract cannot recover the amount from the stakeholder after the determination of the event made the basis of the wager. The overwhelming weight of authority is to the effect that he may recover either before or after, and any time prior to the stakeholder's turning over the money to the winner, and even after he has done so, if he has given notice to the stakeholder before turning the money over, not to do so. (Clark on Contracts, 495, and cases cited.) The tendency of the decisions is clearly shown in a late decision by the Supreme Court of the State of California, in which it is held that money placed in

the hands of one to be used for a positively corrupt purpose may be recovered from the person with whom it is deposited at any time before it is applied to the immoral use. (*Wasserman* v. *Sloss,* 117 Cal. 433.)

As the appellants have no *property* which they acquired under the contract, there is nothing they can or need restore as a condition of rescission. (*Johnson* v. *Central Ins. Co.,* 39 Mich. 33; *Foss* v. *Hildreth,* 10 Allen, 76.)

*Messrs. Toole & Bach,* and *Mr. Ira D. Wight,* for Respondent.

This is an action to recover for the breach of a contract, and not, as alleged in appellants' brief, an action to rescind a contract. If we are right in the contention that this is an action to recover for the breach of a contract, then we need go no further in this case, for appellants admit that the contract is absolutely "void," and it is a well-established principle of law, and in fact admitted by appellants, that a recovery cannot be had under a void contract, or for a breach of it. (*Dung.* v. *Parker,* 52 N. Y. 496.) The general rule of law is, that a contract made in violation of a statute is void; and that when a plaintiff cannot establish his cause of action without relying upon an illegal contract, he cannot recover. (*Miller* v. *Ammon,* 145 U. S. 426; Pollock's Principles of Contracts, pp. 253-260; *Perun* v. *Borumann,* 102 Ill. 523; *Alexander* v. *O'Donnell,* 12 Kan. 608; Leach on Contracts, Sec. 1453; *Harris* v. *Runnels,* 12 How. 79.)

"There can be no civil right where there can be no legal remedy, and there can be no legal remedy for that which is itself illegal." (*Bank* v. *Owens,* 2 Pet. 527; *Melchoir* v. *McCarthy,* 31 Wis. 252; *Schmidt* v. *Baker,* 87 Am. Dec. 527.)

"There can be no confirmation of a void contract; nor will it constitute an adequate consideration for a new one." (*McIntosh* v. *Lee,* 57 Iowa, 356; *Murphy* v. *Jones,* 7 Ind. 529; Bishop on Contracts, Sec. 614.)

"The performance of a void contract may produce consequences not void; as, if one voluntarily and with full knowledge of the facts pays money on it, he cannot recover the money back." (Bishop on Contracts, Sec. 615; *Woodburn* v. *Stout,* 28 Ind. 77; *Babcock* v. *Fond du Lac,* 58 Wis. 230.)

"Though a contract is without consideration, yet, if it is voluntarily and with full knowledge of the facts executed, the property in the thing, whether money or a chattel, is transferred and it cannot be reclaimed." (*Matthews* v. *Smith,* 67 N. C. 374; Bishop on Contracts, Sec. 81; *Knowlton* v. *Congress Empire Springs Co.,* 57 N. Y. 518.)

"To the success of a lawsuit two elements are always essential, namely, a right in the plaintiff, and a correlative wrong in the defendant. And the plaintiff must be without fault in the thing of which he complains, and defendant must be in fault." (*Smith* v. *Cedar Rapids R. R.,* 43 Iowa, 239; *Rawson* v. *Clark,* 70 Ill. 656; *Coulter* v. *Board of Ed.,* 63 N. Y. 365; *Buffkin* v. *Baird,* 73 N. C. 283.)

This contract is void and contrary to public policy. (Civil Code, Secs. 2240, 437, 431; Beach on Contracts, Sec. 1441; *Guernsey* v. *Cook,* 120 Mass. 501; *Woodruff* v. *Wentworth,* 133 Mass. 309; *Harris* v. *Scott,* 32 Atl. 770; *West* v. *Camden,* 135 U. S. 507; *Wilbur* v. *Stoepel,* 82 Mich. 344; *Jones* v. *Scudder,* 2 Cin. Sup. Ct. 178; *Noyes* v. *Marsh,* 123 Mass. 286; *Martin* v. *Wade,* 37 Cal. 168; *Noel* v. *Drake,* 42 Am. Rep. 162; 15 Am. and Eng. Ency. Law, pp. 939, 945, 948; *Gibbs* v. *Consolidated Gas Co.,* 130 U. S. 396; *Gardner* y. *Tatum,* 81 Cal. 370; *Ladda* v. *Hawley,* 57 Cal. 51; *Swanger* v. *Mayberry,* 59 Cal. 91; *Baltimore, etc.* v. *Faunce,* 46 Am. Dec. 655; *Holt* v. *Green,* 13 Am. Rep. 737; *Ohio L. I. & T. Co.* v. *Merchants, etc.,* 53 Am. Dec. 742; *Swan* v. *Scott,* 11 Serg. & Rawle, 164; *Thomas* v. *Brady,* 10 Bar. 170; *Scott* v. *Duffy,* 2 Harris, 20; *Mitchell* v. *Smith,* 1 Binn. 118; *Seidenhender* v. *Charles,* 4 Serg. & R. 159; *Coppel* v. *Hall,* 7 Wall. 558; *Warren* v. *M. I. Co.,* 13 Pick. 521; *Woods* v. *Armstrong,* 54 Ala. 150; *Bank of*

*U. S.* v. *Owens,* 2 Pet. 527, 539; *Edwards* v .*Estelle,* 48 Cal. 194; *Tappan* v. *Albany B. Co.,* 80 Cal. 570; *Mequire* v. *Corwine,* 101 U. S. 108.)

The parties are in *pari delicto.* "Where parties unite and are equally implicated in a transaction to defraud others, or which is immoral, illegal or against public policy, the courts will not enforce it, nor relieve either party from its consequences." (*Creath* v. *Sims,* 46 U. S. 191; *Heineman* v. *Newman,* 21 Am. Rep. 279; *Winston* v. *McFarland,* 22 Ill. 38; *Tobey* v. *Robinson,* 99 Ill. 222; *St. Louis, etc.* v. *Mathers,* 104 Ill. 257; *Swain* v. *Bussell,* 10 Ind. 438; *Shipley* v. *Reasoner,* 45 N. W. 1077; *Buchtella* v. *Stepanek,* 36 Pac. 749; *Smead* v. *Williamson,* 55 Ky. 492; *Campbell* v. *Anderson,* 63 Ky. 384; *Denton* v. *Erwin,* 6 La. Ann. 317; *Green* v. *Godfrey,* 44 Me. 25; *Materne* v. *Horwitz,* 101 N. Y. 469; *York* v. *Merritt,* 77 N. C. 213; *Emery* v. *Ohio Candle Co.,* 47 Ohio St. 320; *Connoly* v. *Cunningham,* 2 Wash. 242; *Wight* v. *Rindskopf,* 43 Wis. 344; Chitty on Contracts (10 Am. Ed.), 732; *Johnson* v. *Willis,* 7 Gray, 164; *King* v. *Green,* 6 Allen, 139; *Worcester* v. *Eaton,* 11 Mass. 368; *Knowlton* v. *C. & E. S. M. Co.,* 57 N. Y. 518; *Levet* v. *Creditors,* 22 La. Am. 105; *Hovey* v. *Storer,* 63 Me. 486; *White* v. *Hunter,* 23 N. H. 128; *Hill* v. *Freeman,* 73 Ala. 200; *Adams* v. *Barrett,* 15 Ga. 404; *Andrews* v. *Marshall,* 48 Me. 26; *Myers* v. *Meinrath,* 101 Mass. 366; *Perkins* v. *Savage,* 15 Wend. 412; *Hooker* v. *De Polas,* 28 Ohio St. 251; *Merwin* v. *Huntington,* 2 Conn. 209; *Nudd* v. *Burnett,* 14 Ind. 25; *Tyler* v. *Smith,* 57 Ky. 793; *Copley* v. *Berry,* 12 Rob. 79; *Groton* v. *Waldoborough,* 11 Me. 306; *Babcock* v. *Thompson,* 20 Mass. 446; *Mills* v. *Western Bank,* 64 Mass. 22; *Hoover* v. *Pierce,* 26 Miss. 627; *Hall* v. *Castello,* 48 N. H. 176; *Ellicott* v. *Chamberlin,* 38 N. J. Eq. 604; *Burt* v. *Place,* 6 Cow. 431; *Catawba & Co.* v. *Setzer,* 70 N. C. 426; *Yeager* v. *Rains,* 23 Tenn. 259; *McEwen* v. *Shannon,* 64 Vt. 583; *Miller* v. *Larson,* 19 Wis. 463; Civil Code, Secs. 2150, 2151, 2153, 2162, 2163; *Gridley* v. *Dorn,* 57 Cal. 78; *St. Louis, etc.* v. *Terre Haute, etc.,*

145 U. S. 393, 12 Sup. Ct. 953; *Higgins* v. *McCrea,* 116 U. S. 671, 6 Sup. Ct. 557; *Fish* v. *Atwood,* 191 Mass. 363; *Setter* v. *Alvey,* 15 Kan. 126; *Cox* v. *Witham,* 66 N. Y. 712; *John* v. *Larson,* 28 Wis. 604; *Schmidt* v. *Barker,* 17 La. Ann. 261; *Melchoir* v. *McCarthy,* 31 Wis. 252.)

It is impossible to place the parties in *statu quo.* (Civil Code, Sec. 2273.) The party desiring to rescind must do so promptly upon discovering the facts entitling him to such course. (*Marston* v. *Simpson,* 54 Cal. 189; *Bartfield* v. *Price,* 40 Cal. 535; *Upton* v. *Trebilcock,* 91 U. S. 45.) The party seeking to rescind must restore or offer to restore what has been received under the contract. (*Watts* v. *White,* 13 Cal. 321; *Winton* v. *Spring,* 18 Cal. 451; *Herman* v. *Heffenegger,* 54 Cal. 161; *Miller* v. *Steen,* 30 Cal. 402; *Fitz* v. *Bynum,* 55 Cal. 459.)

MR. COMMISSIONER CALLAWAY prepared the following opinion for the court:

The lower court sustained defendant's motion for a judgment on the pleadings, and plaintiffs appeal.

The determinative question is, does the complaint state a cause of action? It alleges the corporate capacity of the defendant, and states that on or about the 15th day of August, 1895, the plaintiffs, then being the joint owners of 1,425 shares of the capital stock of the defendant, at the instance and request of the defendant deposited with the treasurer of the defendant 1,400 shares of said capital stock, of the par value of $140,000, and of that actual value in money, "to be sold by the defendant, and the proceeds thereof to be used by the defendant in paying its debts and liabilities, as well as its current expenses, in consideration whereof the defendant then and there agreed" that the plaintiff James Glass should hold the offices of vice president, trustee and general manager of the defendant until the mining, concentrating and smelting business of the defendant should be in successful operation, and that the plaintiff Alexander J. Glass should have and hold the offices of trustee and

treasurer of the defendant until the business of the corporation should be in successful operation as aforesaid; that there was no other consideration moving the plaintiffs to deposit the said stock with the defendant; that the business of the defendant has never yet been in successful or other operation, but that the defendant, in violation of its agreement, on or about the 20th of October, 1899, ousted and ejected plaintiffs from said offices, and ever since has refused and now refuses to permit the plaintiffs to have, hold or enjoy the same, by reason whereof the consideration whereby the 'defendant secured· the stock "has, through the wrongful acts of the defendant, wholly failed;" that the defendant has sold and issued all of the stock to other stockholders, and disposed of the same; that the defendant has wholly failed and refused, and now does fail and refuse, to redeliver the stock to the plaintiffs, or to pay the plaintiffs the value thereof, although often requested so to do by the plaintiffs. Other allegations in the complaint are immaterial to this inquiry. The plaintiffs pray for the recovery of the posesssion of the stock, or for the sum of $140,000, the value thereof, in case delivery cannot be had, and for costs of suit.

At the outset we are called upon to determine, if possible, the nature of the action. In attempting to do so we shall bear in mind that, under the Code procedure, distinct forms of action are abolished. The only question is, does the complaint state a cause of action? It is the substance of the pleading, and not its legal verbiage, which must determine the question. Though the Code has abolished all forms of action, and provides that there shall be but one form of civil action for the enforcement or protection of private rights and the redress or prevention of private wrongs (Code of Civil Procedure, Section 460), yet the distinctions between the different causes of action still obtain— the reasons underlying them are still the same—and the plaintiff may not recover beyond the case stated by him in his complaint. (*Bixel* v. *Bixel,* 107 Ind. 534, 8 N. E. 614, and cases cited.)

From the relief prayed for, it would seem that the pleader intended this action for one in claim and delivery, which is an action to recover specific personal chattels, wrongfully taken and detained, or wrongfully detained, with damages for the wrongful detention. (*Fredericks* v. *Tracy,* 98 Cal. 658, 33 Pac. 750.) The gist of the action is the wrongful detention of the property. (*Hynes* v. *Barnes,* 30 Mont. 25, 75 Pac. 523.) The value of the property is recoverable only when a delivery of the specific property cannot be had. (*Hunt* v. *Robinson,* 11 Cal. 262; *Riciotto* v. *Clement,* 94 Cal. 105, 29 Pac. 414.) In such an action it is necessary to state that the plaintiff has either a general or special ownership in the property, with the right to its immediate possession, at the time of the commencement of the action. (*Fredericks* v. *Tracy, supra; Afferbach* v. *McGovern,* 79 Cal. 269, 21 Pac. 837; *Williams* v. *Ashe,* 111 Cal. 180, 43 Pac. 595; *Holly* v. *Heiskell,* 112 Cal. 174, 44 Pac. 466; *Bank of Woodland* v. *Duncan,* 117 Cal. 412, 49 Pac. 414; *Melton* v. *McDonald,* 2 Mo. 45, 22 Am. Dec. 437; *Noble* v. *Epperly,* 6 Ind. 414.) The rule stated in *First National Bank* v. *McAndrews,* 7 Mont. 150, 14 Pac. 763, is inaccurate, as inspection will show.

The complaint fails to allege these necessary facts. However, it does show affirmatively that, when the action was begun, the defendant had sold and disposed of the stock. This alone would be fatal to the action as one in claim and delivery, for it is essential for the plaintiffs to allege and prove that at the commencement of the action the defendant wrongfully detained the possession of the property from them. (*Riciotto* v. *Clement, supra; Henderson* v. *Hart,* 122 Cal. 332, 54 Pac. 1110; *Gardner* v. *Brown,* 22 Nev. 156, 37 Pac. 240; *Herzberg* v. *Sachse,* 60 Md. 426.) "It is the condition and situation of things when the suit is commenced which furnish the grounds for the action." (*Aber* v. *Bratton,* 60 Mich. 357, 27 N. W. 564, and cases cited; *Burt* v. *Burt,* 41 Mich. 82, 1 N. W. 936.) Whoever has the possession of the property to be replevied, and unlawfully detains it, is the proper person to be sued. (*Rose* v.

*Cash,* 58 Ind. 278.) It is clear that, from what the complaint fails to show and does show, it does not state a cause of action in claim and delivery.

Does it state a cause of action in conversion? To recover in such an action, the plaintiffs must show a general or special ownership in the chattels, and a right to their immediate possession, at the time of the wrongful taking by defendant. (*Wetzel* v. *Power,* 5 Mont. 214, 2 Pac. 338; *Sawyer* v. *Robertson,* 11 Mont. 416, 28 Pac. 456; *Reardon* v. *Patterson,* 19 Mont. 231, 47 Pac. 956; *Babcock* v. *Caldwell,* 22 Mont. 460, 56 Pac. 1081; *Harrington* v. *Stromberg-Mullins Co.,* 29 Mont. 157, 74 Pac. 413.) The complaint makes no such showing, and it fails to state that the defendant has converted the property. "A conversion is any unauthorized act which deprives a man of his property permanently or for an indefinite time." (*Union S. Y. & T. Co.* v. *Mallory S. & Z. Co.,* 157 Ill. 554, 41 N. E. 888, 48 Am. St. Rep. 341.) "Any distinct act of dominion wrongfully exerted over one's property in denial of his right, or inconsistent with it, is a conversion." (Cooley on Torts, 428.)

Was the sale and disposal of the stock by the defendant unauthorized or wrongful? The complaint answers the question in the negative. It recites that plaintiffs deposited their stock with defendant to enable the latter to pay its debts and current expenses. The defendant sold and disposed of the stock, and presumably applied the proceeds to the purposes intended when the stock was received from the plaintiffs. No other conclusion can be drawn from the wording of the complaint. And it does not appear but that these acts were done while the plaintiffs were holding the offices mentioned in the contract, and actively assented thereto.

Having determined that the complaint neither states a cause of action in claim and delivery nor in conversion, we will look to it to see whether plaintiffs may recover upon the contract. The plaintiffs concede the contract to be void, but do not indi-

cate upon what ground they make such concession.   In examin-
ing the subject, we find that Section 431 of the Civil Code pro-
vides that the directors of a corporation must be elected annually
by the stockholders or members.   By the contract pleaded, it
was agreed that the plaintiffs should be trustees (directors)
until the business of the defendant should be in successful oper-
ation.   Over four years elapsed, and yet it is alleged "that the
business of the defendant has never yet been in successful or
other operation."   Section 2240 of the Civil Code reads: "That
is not lawful which is (1) contrary to an express provision of
law; (2) contrary to the policy of express law, though not ex-
pressly prohibited; or (3) otherwise contrary to good morals."
It thus appears that this contract is void and unlawful, as being
directly contrary to an express provision of law, in so far as it
provides for the plaintiffs to succeed themselves as trustees in-
definitely; and, in so far as it provides that the plaintiffs shall
have a like tenure of the offices of general manager and treas-
urer of the corporation, it is within the inhibition of the second
and third provisions of Section 2240.   Similar contracts have
frequently been declared void as against public policy.   (*West*
v. *Camden,* 135 U. S. 507, 10 Sup. Ct. 838, 34 L. Ed. 254;
*Noel* v. *Drake,* 28 Kan. 265, 42 Am. Rep. 162; *Guernsey* v.
*Cook,* 120 Mass. 501; *Noyes* v. *Marsh,* 123 Mass. 286; *Wood-
ruff* v. *Wentworth,* 133 Mass. 309; *Forbes* v. *McDonald,* 54
Cal. 98; *Wilbur* v. *Stoepel,* 82 Mich. 344, 46 N. W. 724, 21
Am. St. Rep. 568.)

In *Swanger* v. *Mayberry,* 59 Cal. 91, the court said: "The
general principle is well established that a contract founded on
an illegal consideration, or which is made for the purpose of
furthering any matter or thing prohibited by statute, or to aid
or assist any party therein, is void.   This rule applies to every
contract which is founded on a transaction *malum in se,* or
which is prohibited by statute, on the ground of public policy.
*Ladda* v. *Hawley,* 57 Cal. 51; *Warren* v. *M. I. Co.,* 13 Pick.
521, 25 Am. Dec. 341; *Mitchell* v. *Smith,* 1 Bin. 118, 2 Am.

Dec. 417; *Holt* v. *Green,* 73 Pa. 198, 13 Am. Rep. 737; *Woods* v. *Armstrong,* 54 Ala. 150, 25 Am. Rep. 671."

In *Gardner* v. *Tatum,* 81 Cal. 370, 22 Pac. 880, the court quoted the foregoing language from *Swanger* v. *Mayberry,* and continued: "This principle is in accord with the express provision of our Civil Code which makes that unlawful which is either contrary to the express provision of law, or 'contrary to the policy of express law, though not expressly prohibited.' Civil Code, Section 1667." (See note to *Parsons* v. *Trask,* 66 Am. Dec. 506.) Section 1667, referred to, is identical with Section 2240, *supra.* (And see Sections 2150, 2151, 2153, 2162 and 2163, Civil Code.)

The complaint contains no suggestion that the plaintiffs have repudiated the contract, nor any facts from which a repudiation thereof by them may be deduced. On the contrary, they allege that their side of the contract has been fully executed, but that the defendant ousted and ejected them from the offices they held and were to hold by virtue of the contract, and refused and still refuses to permit them to hold and enjoy the same. They characterize these acts of defendant as being a violation of the contract and as wrongful.

The following language from the opinion in *Williamson* v. *C., R. I. & P. R. R. Co.,* 53 Iowa, 126, 4 N. W. 870, 36 Am. Rep. 206, is pertinent here: "In this case the plaintiffs have fully performed the contract on their part. On their side the contract has been executed. The action is not brought in disaffirmance of their contract. Upon the contrary, they allege a full performance of the contract upon their part, and a breach of the contract upon the part of the defendant. It is upon this breach that they predicate their right to recover. Their action is upon the contract. * * * We feel fully satisfied that for a breach of the contract, as alleged and proven, no damages are recoverable."

The facts in the case from which we have just quoted were that the plaintiffs procured the conveyance to the defendant of

certain lots in the city of Des Moines upon consideration of a
promise by defendant that it would build thereon passenger
and freight depots, which should be the only ones built or main-
tained by it in said city.  Defendant built and maintained both
passenger and freight depots thereon, but, having also built a
depot in another part of the city, an action was brought by
plaintiffs to recover, as damages, the value of the lots conveyed.
It was held that such action was based upon the contract, which
was illegal and void as against public policy, and, the parties
being in equal fault, the action could not be maintained.

From the facts stated in the complaint before us, the parties,
in making and carrying out the contract, which seems to have
been fully executed by plaintiffs, and performed by defendant
for over four years, were equally at fault.  Therefore the maxim
that, "as between those in equal fault, the possessor's case is the
better," applies in all its force.  (See *Setter* v. *Elvey,* 15 Kan.
157; *Bagg* v. *Jerome,* 7 Mich. 145; *Knowlton* v. *Congress &
Empire Spring Co.,* 57 N. Y. 518; *Myers* v. *Meinrath,* 101
Mass. 366, 3 Am. Rep. 368; *Spalding* v. *Bank,* 12 Ohio, 544;
*Tyler* v. *Smith,* 18 B. Mon. 793; *Hill* v. *Freeman,* 73 Ala. 200,
49 Am. Rep. 48.)

The general rule is thus stated by Lawson in 9 Cyclopedia of
Law and Procedure, commencing on page 546:  "No principle
of law is better settled than that a party to an illegal contract
cannot come into a court of law and ask to have his illegal ob-
jects carried out, nor can he set up a case in which he must nec-
essarily disclose an illegal purpose as the groundwork of his
claim.  The rule is expressed in the maxims, '*Ex dolo malo non
oritur actio,*' and, '*In pari delicto potior est conditio defend-
entis.*'  The law, in short, will not aid either party to an illegal
agreement.  It leaves the parties where it finds them.  There-
fore neither a court of law nor a court of equity will aid the one
in enforcing it, or give damages for a breach of it, or set it
aside at the suit of the other, or, when the agreement has been
executed in whole or in part by the payment of money or the

transfer of other property, lend its aid to recover it back." It is unnecessary to cite authorities in support of this text. "Their name is legion."

Counsel for plaintiffs says that they, upon a disaffirmance of the illegal contract, may recover the property transferred, as upon an implied promise on the part of the defendant to return or make compensation for it. Whether this position is tenable, we need not decide. It cannot be maintained in this action. The facts stated in the complaint are totally at war with such contention. (*Phoenix Bridge Co.* v. *Keystone Bridge Co.,* 142 N. Y. 425, 37 N. E. 562.) The position is ingenious, but has no foundation upon the facts alleged. Plaintiffs' house is built upon the sands.

It follows that the judgment should be affirmed.

PER CURIAM.—For the reasons given in the foregoing opinion, the judgment is affirmed.