LUCILLE S. FABRE and CLEMENT D. ALBRECHT, as Executors, etc., of CLARENCE L. FABRE, Deceased, Appellants, v. J. ELMER O'DONOHUE, Respondent.

Second Department, December 31, 1918.

Corporations — validity of contract by owner of majority of stock of corporation to secure election of purchaser as corporate officer at stated salary — death of owner — right to recover under such agreement, after affirming same, the proceeds of life insurance policies assigned as security.

Where an owner of almost all of the stock of a corporation, in consideration of the cash purchase of a portion thereof, agreed in writing under seal with the purchaser that he would cause his election as an officer of the corporation at an annual salary for five years and agreed to secure five policies upon his life, each for the amount of the annual salary, and to assign them to the purchaser, who agreed to reassign one of said policies upon performance at the close of the year, and during the third year the vendor killed himself and the purchaser having reassigned the first two policies collected the remaining policies, the executors of the vendor having affirmed the contract and set it forth in their pleading, are not entitled to recover from the purchaser the proceeds of the remaining policies, since the contract was illegal, notwithstanding the fact that the vendor owned a larger part of the stock when he made the agreement. This is true although the executors contend that the purchaser made the original breach of the agreement by resigning from the office to which he had been elected.

REARGUMENT of appeal by the plaintiffs, Lucille S. Fabre and another, as executors, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 28th day of June, 1916, dismissing the complaint on the merits, upon the decision of the court after a trial at the Kings County Special Term.

*George A. Clement,* for the appellants.

*I. R. Oeland,* for the respondent.

JENKS, P. J.:

This is a reargument of this case now reported in 180 Appellate Division, 565. The sole point now made is new. It presents the contention that even though the judgment is adverse to the appellants, that judgment must be limited to

the $25,000 that was contemplated by the agreement between Fabre, their testator, and the defendant, and that plaintiffs are entitled in equity and good conscience to recover $2,400 (in round numbers). That $2,400 is the excess found by addition of the amounts received and due to the defendant for salary and the amount collected by the defendant upon the life insurance policies, and by deduction from that sum of $25,000.

Fabre, who owned almost all of the stock of the C. L. Fabre corporation, sold some of his stock for $25,000 cash to the defendant, and thereupon Fabre, in consideration of such purchase by defendant, agreed in writing under seal, with defendant, that Fabre, who still controlled the great majority of the stock, would cause the election of defendant as a director and as the secretary of the corporation, annually, for five years at an annual salary of $5,000. As security for his performance, Fabre also undertook by said agreement to secure five policies upon his life for $5,000 each, and to assign them to the defendant, who on his part agreed, upon performance at the close of each year of the said term, that he would reassign to Fabre one of the said policies. Defendant was elected to the directorate and the secretaryship, and discharged his duties as secretary for upwards of two years. At the end of each year of the two years defendant reassigned to Fabre one of the said policies. During the third year Fabre, when he found that he could not save the corporation from wreck caused by his own misdoings, killed himself. The defendant collected the three policies then in his hands as security. The plaintiffs as executors of Fabre sued the defendant for the proceeds of the policies. The plaintiffs contended at trial and on appeal that the said agreement was illegal and unenforcible. We noticed the contention, but did not decide it, as it did not seem necessary to our conclusion. It now seems necessary to pass upon that contention. We are of opinion that the contract was illegal, maugre the fact that Fabre owned the very great part of stock when he made the agreement. (*Fennessy* v. *Ross*, 5 App. Div. 342; *Jackson* v. *Hooper*, 76 N. J. Eq. 592; *England* v. *Dearborn*, 141 Mass. 590. See, too, *Saranac & L. P. R. R. Co.* v. *Arnold*, 167 N. Y. 374; 1 Cook Corp. [7th ed.] § 6.) Moreover, it does not

appear satisfactorily that Fabre was more than a majority stockholder, and no principles are invoked that in a court of equity would override the consideration that the agreement is against public policy. The *plaintiffs declared upon the agreement* and *set it forth in their pleading*. But they contended that the defendant made the original breach of the agreement by resignation as secretary. In effect, their position was that they were entitled to this money because of the defendant's initial breach, even though Fabre made performance by himself or his representatives impossible. Whatever the source of the moneys, they came into the hands of the defendant perforce of the agreement made by Fabre; and they were paid to the defendant by the express agreement of Fabre as security for his performance of that agreement. As plaintiffs affirmed, and did not seek to repudiate, the agreement, in no event could they recover by this action any of the moneys. (*Phœnix Bridge Co.* v. *K. B. Co.*, 142 N. Y. 425, 432.) Fabre was in *pari delicto* with the defendant. The court, upon presentation of the agreement by the plaintiffs, will not find a cause of action for moneys received, that will result in their transfer from one of the parties to this illegal agreement to the other. (*English* v. *Rumsey*, 32 Hun, 488, 489; *Lemon* v. *Grosskopf*, 22 Wis. 447, 452; *Knowlton* v. *Congress & Empire Spring Co.*, 57 N. Y. 518, 531 *et seq.*)

It is further found that the contract executed between Clarence L. Fabre and the defendant on March 20, 1912, was illegal.

The judgment is affirmed on the reargument, but without costs.

Present — JENKS, P. J., THOMAS, MILLS, PUTNAM and BLACKMAR, JJ.

Judgment unanimously affirmed on reargument, without costs. Findings to be submitted, and order to be settled before the Presiding Justice.