BALTIMORE PROCESS CO., APPELLANT, *v.* RED LODGE BREWING CO., RESPONDENT.

(No. 5,070.)

(Submitted March 1, 1923. Decided March 15, 1923.)

[213 Pac. 798.]

*Intoxicating Liquors—Lawful Contracts Void When Object Becomes Unlawful.*

1. A contract under which defendant was granted the right to use a patented process for dealcoholizing malt beverages which was lawful when it was first entered into, became unlawful when the prohibition law took effect (December 31, 1918), and was void thereafter in so far as it remained executory, thereby depriving plaintiff patent owner of his remedy to recover under a clause of the contract providing that in addition to a certain royalty per barrel of beverage manufactured, defendant should pay for the use of the process not less than $500 per year for three years from and after December 18, 1917.

*Appeal from District Court, Carbon County; Robert C. Stong, Judge.*

Action by the Baltimore Process Company against the Red Lodge Brewing. Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Cause submitted on briefs of Counsel.

*Mr. Joseph E. McElvain,* for Appellant.

*Mr. John G. Skinner,* for Respondent.

MR. COMMISSIONER BENNETT prepared the opinion for the court.

The action which is before us is on an appeal from the judgment entered in favor of defendant, Red Lodge Brewing Company, a corporation. Plaintiff, the Baltimore Process Company, a corporation, sought to recover damages from defendant for nonperformance of a contract entered into between plaintiff and defendant. The contract in effect licensed or permitted defendant to use a patented process, the patent for which was owned by plaintiff, for the dealcoholization of a *malt beverage,* defendant agreeing to pay plaintiff the sum of 50 cents a barrel as royalty on all beverage manufactured under the process up to two thousand five hundred barrels a year, after which a lower rate was to obtain. The contract was entered into December 18, 1917. By its terms the defendant was to pay plaintiff for the use of the process not less than $500 per year for the three years from the date of the contract. For a time defendant used the process and paid plaintiff the royalty on all beverage manufactured. Upon learning definitely that it was unlawful to manufacture the beverage, defendant ceased operations and refused to pay further. Defendant contended and contends that by reason of the provisions of the law adopted by the voters at the election in 1916, which was carried into the Session Laws of 1917 as Chapter 175, and known as the "State Prohibition Law," the contract was invalid from and after December 31, 1918, for the reason that its purpose was unlawful. The case was tried to the court

sitting without a jury; findings were made that the contract was invalid, and the judgment in favor of defendant was entered.

While there are many specifications of error, in reality they all involve the same general question.   However, appellant contends that by the answer defendant relies upon the invalidity of the contract from its inception, and not upon the happening of a subsequent condition rendering it invalid.   The point is not well taken.   If, in the light of plaintiff's complaint and proof, it was necessary for defendant to plead and prove that the contract became void by reason of the interposition of a condition rendering its object unlawful, defendant's pleading and proof were sufficient.   The question then is whether or not plaintiff was entitled to recover for nonpayment of royalties under the contract after the "Prohibition Law" went into [1]   effect.   We think it was not.   It is apparent that the contemplation of the parties to the contract was the drawing of a royalty by the plaintiff for the manufacture by defendant of a *malt beverage;* the defendant agreeing to pay plaintiff the royalty for the permission to use plaintiff's patented process in the manufacture thereof.   From and after December 31, 1918, throughout the remainder of the life of the contract, the manufacture of such a beverage was prohibited by Chapter 175, Laws of Montana of 1917.   (See *State* v. *Centennial Brewing Co.*, 55 Mont. 500, 179 Pac. 296.)   Defendant could not, therefore, lawfully reap any benefit from the contract for the reason that it was prohibited by law from doing that which under the contract it was permitted to do, and for which permission it had agreed to pay the royalty sought to be recovered.

Section 7468, Revised Codes of 1921, provides: "It is essential to the existence of a contract that there should be: * * * 3. A lawful object; and 4. A sufficient cause or consideration."   Section 7505 provides: "The consideration of a contract must be lawful within the meaning of section 7553."   And section 7553 provides: "That is not lawful which is: 1. Contrary to an express provision of law; 2. Contrary to the policy of

express law, though not expressly· prohibited: or, 3. Otherwise contrary to good morals.'' All of the quoted statutes have been in effect in Montana since 1895.

The contract in question was void in so far as it was executory subsequent to December 31, 1918, both on the ground that its object was contrary to the policy of the ''Prohibition Law'' and on the ground that the ''benefit conferred upon the promisor'' was contrary to the policy of the same law. The district court of appeal of California, having under consideration the question whether a lessee of property, the lease of which restricted the use of the property to the retail liquor business, could be held to pay rent after the enactment of their prohibition law, in concluding that such a recovery could not be had, said: ''A contract in its inception must possess the essentials of having competent parties, a legal object, and a sufficient consideration. Lacking any one of these, no binding obligations result; hence a contract which contemplates the doing of a thing which is unlawful at the time of the making thereof is void. For the same reason a contract which contemplates the doing of a thing, at first lawful, but which afterwards and during the running of the contract term becomes unlawful, is affected in the same way, and ceases to be operative upon the taking effect of a prohibitory law.'' (See *Industrial Dev. & Land Co.* v. *Goldschmidt* (Cal. App.), 206 Pac. 134.) It will be noted that the supreme court of that state denied a petition for rehearing of the case.

The contract being illegal and void, the plaintiff is without a remedy. (See *Glass* v. *Basin & Bay State Min. Co.,* 31 Mont. 21, 77 Pac. 302.)

We recommend that the judgment be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

*Affirmed.*